IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| ACUITY INSURANCE COMPANY, a mutual insurance company, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| MONIGER EXCAVATING CO., INC., Serve: 5955 State Route 140 Moro, Illinois 62067 (Madison County, Illinois) | ) ) ) ) ) | Case No. 3:17-cv-00732 |
| and | ) ) | |
| VILLAGE OF GLEN CARBON, Serve: 151 N. Main Street Glen Carbon, Illinois 62034 (Madison County, Illinois) | ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW plaintiff and files its Complaint for Declaratory Judgment and states as follows:

COUNT I

For Count I of its Complaint for Declaratory Judgment, plaintiff states as follows:

1. Plaintiff is a corporation organized and existing under the laws of the State of Wisconsin with its principal office and place of business in the County of Sheboygan, State of Wisconsin. Plaintiff was and is duly licensed by the State of Illinois to engage in the insurance business in the State of Illinois.

1

2. Defendant Moniger Excavating Co., Inc. is a corporation organized and existing under the laws of the State of Illinois with its principal office and place of business in Madison County, Illinois.

3. Defendant Village of Glen Carbon is a municipal corporation of the State of Illinois, located in Madison County, Illinois.

4. This Complaint for Declaratory Judgment is brought pursuant to Title 28 U.S.C. §2201 and is solely between citizens and residents of different states. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2).

6. Plaintiff issued its commercial general liability insurance policy No. K86685 to Moniger Excavating Co., Inc. for the period 2-21-12 to 2-21-13. A copy of the policy is attached hereto and made a part hereof, Exhibit 1.

7. Policy K86685 includes the following provisions relevant to this matter:

BIS-PAK BUSINESS LIABILITY AND MEDICAL EXPENSES COVERAGE FORM

    1. **Business Liability**

        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury, property damage or personal injury and advertising injury to which this insurance applies ……..

    b.    This insurance applies:

        (1)    To bodily injury or property damage only if:

            (a)    The bodily injury or property damage is caused by an occurrence that takes place in the coverage territory.

            (b)    The bodily injury or property damage occurs during the policy period.

**EXCLUSIONS**

This insurance does not apply to:

    k.    **Damage to Property**

    Property damage to:

        (5)    That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations, if the property damage arises out of those operations; or

  (6) That particular part of any property that must be restored, repaired or replaced because your work was incorrectly performed on it.

  Paragraph (6) of this exclusion does not apply to property damage included in the products-completed operations hazard.

l. **Damage to Your Product**

Property damage to your product arising out of it or any part of it.

m. **Damage to Your Work**

Property damage to your work arising out of it or any part of it and included in the products-completed operation hazard. This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

o. **Recall of Products, Work or Impaired Property**

Damages claimed for any loss, cost or

      expense incurred by you or others for

      the loss of use, withdrawal, recall,

      inspection, repair, replacement,

      adjustment, removal or disposal of:

      (1) Your product;

      (2) Your work; or

      (3) Impaired property;

      if such product, work or property is

      withdrawn or recalled from the market

      or from use by any person or organization

      because of a known or suspended defect,

      deficiency, inadequacy or dangerous

      condition in it.

  8. Defendant Moniger entered into a contract with defendant Glen Carbon for the construction of a lake and dam and other improvements at the Ray M. Schon Memorial Park. A copy of the Contract is attached hereto and made a part hereof, Exhibit 2.

  9. On or about March 20, 2017 defendant Glen Carbon filed a <u>Second Amended Complaint</u> against defendant Moniger and others in the Third Judicial Circuit in Madison County, Illinois wherein Glen Carbon alleges that Moniger has breached the Contract in a number of respects as set out therein; a copy of the <u>Second Amended Complaint</u> is attached hereto and made a part hereof, Exhibit 3.

10. In its <u>Second Amended Complaint</u> Glen Carbon alleges:

    8. Defendant, Moniger Excavating Company, Inc. breached its aforesaid agreement and erred and omitted to perform the agreement in one or more of the following respects:

        a. Failed to use the appropriate high plasticity clay for construction of the dam and embankments or failed to use the liner as called for in the design specifications;

        b. Allowed and/or directed their employees to drive their work vehicles back and forth across the dam structure, while same was still under construction and before there was enough fill on top of the outfall pipe such as to cause damage to the outfall pipe;

        c. Failed to install proper FEMA filtered diaphragms; and

        d. Otherwise failed to abide by the provisions of the contract and appropriate specifications so as to cause the dam to leak, thereby injuring the structural integrity of the dam.

    11. As a direct result of Moniger Excavating Company, Inc.'s breach of the agreement, plaintiff has been damaged in the following respects:

        a. The dam is in need of ongoing maintenance and/or monitoring of the numerous deficiencies found during subsequent inspections;

        b. The dam does not meet current design standards, including several critical deficiencies associated with the instability and permeability of the structure as constructed.

6

11.     Defendant Moniger has tendered to plaintiff ACUITY the defense of the <u>Second Amended Complaint</u> filed by defendant Glen Carbon, under Policy K86685.

12.     Policy K86685 does not provide coverage for defendant Moniger for the matters set out in the <u>Second Amended Complaint</u> filed by Glen Carbon and plaintiff does not owe Moniger a defense of said <u>Second Amended Complaint</u> for the following reasons:

    a.  Glen Carbon has filed suit against Moniger for breach of contract. Breach of contract is not an "occurrence" as required by Policy K86685. Glen Carbon has failed to allege facts giving rise to an "occurrence" defined as an accident.

    b.  Policy K86685 provides coverage for "property damage" as defined by the policy. Defective workmanship is not property damage.

    c.  Under Exclusion k. (5) property damage arises out of Moniger's operations.

    d.  Under Exclusion k. (6) Moniger's work was incorrectly performed on the dam.

    e.  Under Exclusion l. Moniger's products were made part of the dam.

    f.  Under Exclusion m. property damage to Moniger's "work" is excluded.

    g.  Under Exclusion o. damage to the dam arising out of Moniger's product and Moniger's work is excluded.

13. In its <u>Second Amended Complaint</u> plaintiff fails to allege when damage to the dam occurred and was discovered. The damage to the dam may not have occurred and have been discovered during the period of Policy K86685 and would not be covered.

14. Plaintiff further states there exists an actual controversy between plaintiff and defendants with regard to Moniger's claim against plaintiff for a defense to the <u>Second Amended Complaint</u> filed by Glen Carbon.

15. By reason of said controversy, plaintiff is in peril of damage or loss unless said policy of insurance is properly construed and the rights of the parties herein are declared, adjudicated and determined in this matter.

WHEREFORE, plaintiff ACUITY Insurance Company prays judgment under Count I as follows:

1. There is no coverage under BIS-PAK Policy K86685 for Moniger Excavating Co., Inc. because of the matters and claims set out in the <u>Second Amended Complaint</u> filed by Village of Glen Carbon for the reasons set out herein.

2. Plaintiff has no duty or obligation to provide a defense to Moniger Excavating Co., Inc. to the <u>Second Amended Complaint</u> filed by Village of Glen Carbon.

3. For costs.

## COUNT II

For Count II of its Complaint for Declaratory Judgment, plaintiff states:

1. Plaintiff restates and realleges the allegations of Count I including all paragraphs and subparagraphs thereof as if fully set out herein.

2. Plaintiff issued its Commercial Excess Liability Coverage Part No. K86685 to Moniger Excavating Co. for the period 2-21-12 to 2-21-13. A copy of the excess policy is attached hereto and made a part hereof, Exhibit 4.

3. Excess policy K86685 includes the following provisions relevant to this matter:

> **1. Insuring Agreement**
>
> > a. We will pay those sums, in excess of the amount payable under the terms of any *underlying insurance,* that the insured becomes legally obligated to pay as damages because of *injury* or damage to which this insurance applies, provided that the *underlying insurance* also applies, or would apply but for the exhaustion of its applicable Limits of Insurance.
> >
> > \* \* \* \* \*
> >
> > b. We have the right to participate in the investigation or settlement of claims or the defense of the insured against suits seeking damages because of *injury* or damage to which this insurance may apply. We have a duty to investigate or settle such claims or to defend the insured against such suits when the applicable Limit of Insurance of the *underlying*

> > *insurance* has been used up by payment of judgments, settlements and any cost or expense subject to such limit.
> >
> > \* \* \* \* \*
> >
> > d.     This insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the *underlying insurance, except.*
>
> **2.     Exclusions**
>
> > The exclusions that apply to the *underlying insurance* apply to this insurance.

4.     The underlying insurance to which this policy is excess is BIS-PAK COVERAGE PART Policy K86686, a copy of which is attached hereto as Exhibit 1.

5.     Excess Policy K86685 does not provide coverage for defendant Moniger for the matters set out in the <u>Second Amended Complaint</u> filed by Glen Carbon and does not owe Moniger a defense of said <u>Second Amended Complaint</u> for the reasons set out in Count I of this <u>Complaint for Declaratory Judgment</u> and for the reasons set out herein.

6.     Plaintiff further states there exists an actual controversy between plaintiff and defendants with regard to Moniger's claim against plaintiff for a defense to the <u>Second Amended Complaint</u> filed by Glen Carbon.

7.     By reason of said controversy, plaintiff is in peril of damage or loss unless said policy of insurance is properly construed and the rights of the parties herein are declared, adjudicated and determined in this matter.

WHEREFORE, plaintiff ACUITY Insurance Company prays judgment under Count II as follows:

1. There is no coverage under Excess Policy K86685 for Moniger Excavating Co., Inc. because of the matters and claims set out in the <u>Second Amended Complaint</u> filed by Village of Glen Carbon for the reasons set out herein.

2. Plaintiff has no duty or obligation to provide a defense to Moniger Excavating Co., Inc. to the <u>Second Amended Complaint</u> filed by Village of Glen Carbon.

3. For costs.

<u>/s/ Christopher P. Leritz</u>
Christopher P. Leritz, #6320052
LERITZ & PLUNKERT, P.C.
555 Washington Avenue, Suite 600
St. Louis, Missouri  63101
cleritz@leritzlaw.com
(314) 231-9600
(314) 231-9480 - Facsimile

ATTORNEYS FOR PLAINTIFF